IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20601
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MICHAEL SCHELLHAAS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-99-CR-480-1
_____
April 12, 2001

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

David Schellhaas appeals his conviction and sentence for two counts of wire fraud and one count of engaging in a monetary transaction in criminally derived property.  See 18 U.S.C. §§ 1343, 1957.  Schellhaas argues that the district court reversibly erred, pursuant to FED. R. EVID. 608(b) and pursuant to the Constitution, in excluding for cross-examination of witness Steven King the evidence concerning the SEC complaint filed against King and his Internet company.  Schellhaas argues that the SEC

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence was relevant to contradicting King's testimony that he was not a savvy investor and that he could not afford to lose the amount of money at stake in the investment with Schellhaas. He also contends that King could have been shading his trial testimony in order to avoid criminal liability for his conduct, presumably his conduct in the SEC matter.

Schellhaas has not demonstrated abuse of discretion by the district court. See United States v. Jensen, 41 F.3d 946, 957 95th Cir. 1994). The SEC complaint was a civil matter, not criminal, involving allegations of fraud by King and his Internet business from the failure to disclose fully certain information. The complaint resulted in a dismissal by the district court in Florida and a settlement between the parties in which King agreed to pay approximately $300,000 in disgorgement, penalty, and interest without admitting or denying any of the allegations. Under Rule 608(b), the documents themselves were inadmissable. The rule only permits discretionary inquiry into collateral matters concerning a witness' truthfulness or untruthfulness. See Jensen, 41 F.3d at 957-58. The SEC litigation resulted neither in findings of fact nor in admissions of fact from King about his business practices. Thus, the probative value of an inquiry into the collateral matter is marginal at best and could have resulted in distracting the jury's attention from material factual matters to complicated, SEC

regulatory matters.  The district court did not abuse its discretion.  See Thorn, 950 F.2d 980, 986 (5th Cir. 1992); see also United States v. Morrison, 98 F.3d 619, 628 (D.C. Cir. 1996) (no abuse of discretion in district court's view that the mere filing of a complaint is not probative of a witness' truthfulness).

Schellhaas argues that the district court's exclusion of the SEC matter violated his rights under due process and the Confrontation Clause.  Schellhaas did not base his objections in the district court on constitutional grounds.  Therefore, review is for plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  No error, plain or otherwise, ensued.  Because the court did not abuse its discretion under the Federal Rules of Evidence, constitutional error was not implicated.  See United States v. Thorn, 917 F.2d 170, 175-76 (5th Cir. 1990).

A F F I R M E D.